UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE MENDEZ MARTINEZ,

    Petitioner,

v.                                         Case No: 2:18-cv-58-FtM-99CM

JEFF SESSIONS, THOMAS D.
HOMAN, MARC MOORE, JUAN
ACOSTA and ORESTE CRUZ,

    Respondents.
_____/

## OPINION AND ORDER[1]

Petitioner Jose Mendez Martinez a native citizen of Cuba, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) on January 3, 2018. The Petition has not been served on the Respondent and no response has been filed.

## BACKGROUND

Petitioner was born in Cuba on November 26, 1963. He immigrated to the United States on August 5, 1980 as part of the Mariel boat lift. He was paroled, obtained legal status, and took up residence in Miami, Florida. Petitioner was subsequently convicted of a crime and was ordered deported on February 20, 1986. However, United States

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Immigration and Naturalization Service (INS) authorities were unable to obtain the necessary travel documents to deport Petitioner to Cuba.

Petitioner was in custody of INS from 1984 until 1987 and again from 1998 until 2000. Petitioner was again sought for deportation by United States Immigration and Customs Enforcement (ICE) in 2017 and self-reported on July 14, 2017.[2] From that date forward, Petitioner was detained at Glades County Detention Center until he was recently transferred to Krome Service Processing Center Field Office (Krome). To date ICE has been unable to deport Petitioner because the United States does not have a formal or informal repatriation agreement with Cuba. On March 2, 2018, the Court was informed by Krome that Petitioner was released from ICE custody on January 17, 2018.

## **DISCUSSION**

For the reasons set forth below, the Court concludes that this action must be dismissed as moot. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001)(internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

---

[2] United States Immigration and Customs Enforcement (ICE) was formed pursuant to the Homeland Security Act of 2002, following the events of September 11, 2001. *Homeland Security Act of 2002* codified at 6 U.S.C. § 271 *et seq*. With the establishment of the Department of Homeland Security, the functions and jurisdictions of several border and revenue enforcement agencies were combined and consolidated into ICE. 6 U.S.C. § 557. Prior to the formation of ICE, detention and deportation activities were conducted by the United States Immigration and Naturalization Service (INS). *Id.* The INS ceased to exist in 2003 when the majority of its functions were transferred to ICE.

However, dismissal after release is not automatic; a habeas petition continues to present a live controversy after the petitioner's release or deportation when there is some remaining "collateral consequence" that may be redressed by success on the petition. *See* *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); *Lopez v. Gonzales*, 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his application for cancellation of removal). This exception to the mootness doctrine applies when: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

Here, Petitioner does not challenge the underlying deportation order from 1986. Instead he only seeks release from ICE custody. Therefore, when Petitioner was released from ICE custody, his claim was resolved. Because Petitioner was released from custody pending removal from the United States, the chances of his extended detention happening again are too speculative to create a controversy sufficient to support a claim for relief, and the exception to the mootness doctrine does not apply. *See* *Ijaoba v. Holder*, Case No. 4:12-cv-3792-JHH-RRA, 2013 WL 1490927, at *1 (N.D. Ala. 2013) (holding "[s]ince the petitioner has been released pending his deportation to

Nigeria, the circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief.").

Since the Court can no longer give Petitioner any meaningful relief, his § 2241 Petition is moot and "dismissal is required because mootness is jurisdictional." *See Al Najjar*, 273 F.3d at 1336, 1253; *Riley v. I.N.S.*, 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a petitioner's challenge to the legality of his extended detention); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended detention mooted § 2241 habeas petition because the alien "achieved the result he sought in his habeas petition").

Accordingly, it is now

**ORDERED:**

The Petitioner Jose Mendez Martinez Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED as moot**. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of March, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Jose Mendez Martinez
SA: FTMP-2

4